USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/9/26__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHORNETTE MARIA SAMUELS-JAMES, | 25-CV-2169 (VM) |
| Petitioner, | DECISION AND ORDER |
| - against - | |
| ZORAIDA GOMEZ, Field Office Director U.S. Department of Homeland Security, United States Citizenship and Immigration Services New York City Field Office, | |
| Respondent. | |

**VICTOR MARRERO, United States District Judge.**

In this action, petitioner Shornette Maria Samuels-James ("Samuels-James") challenges the decision of the United States Citizenship and Immigration Services ("USCIS") denying her motion to reopen or reconsider USCIS's denial of her Application to Register Permanent Residence or Adjust Status. (See "Amended Petition" or "Am. Pet.", Dkt. No. 24.) Samuels-James seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, the United States Constitution, and the Declaratory Judgment Act, 28 U.S.C. § 2201. (See Am. Pet. ¶ 2.) Now before the Court is USCIS's Motion to Dismiss the Amended Petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

(See Dkt. No. 27.) Because actions taken by USCIS and Samuels-James after the filing of the Amended Petition have rendered this matter moot, the Court **GRANTS** USCIS's Motion to Dismiss for lack of subject matter jurisdiction.

## I.    BACKGROUND[1]

The factual history behind this matter involves multiple, compounding mistakes made by USCIS in addressing Samuels-James's attempts to attain lawful permanent resident status.

In July 2012, Samuels-James was placed into removal proceedings because her conditional resident status, which was based on a prior marriage to a United States citizen, had been terminated. (See Am. Pet. ¶ 7; "Am. Pet. Ex. A", Dkt. No. 24-1 at 3.) In June 2018, the Immigration Judge ("IJ") denied Samuels-James's application for adjustment of status to permanent resident, known as a Form I-485, and ordered her removed. (See Am. Pet. ¶ 8.) In July 2020, the Board of Immigration Appeals ("BIA") vacated and remanded the IJ's decision. (See id. at ¶ 9.) Following remand, the IJ dismissed the removal proceedings against Samuels-James. (See id. at ¶ 10.)

---

[1] The following facts are drawn from the allegations in the Amended Petition, which the Court assumes to be true for purposes of deciding this Motion, the exhibits attached to the Amended Petition, and the declaration and exhibits submitted by USCIS pursuant to the standard of review for motions to dismiss under Rule 12(b)(1) described below.

In June 2019, while Samuels-James's appeal was pending before the BIA, USCIS approved a separate Form I-485 filed by Samuels-James, thereby approving adjustment of her status to permanent resident. (See id. at ¶ 11.) In April 2022, Samuels-James filed an application for naturalization, which relied on the approved Form I-485. (See id. at ¶ 12.) In December 2022, USCIS denied Samuels-James's application for naturalization, finding that USCIS had lacked jurisdiction to grant the June 2019 approval of Samuels-James's Form I-485 because her removal proceedings had been pending with the BIA at the time. (See id. at ¶ 13.)

In June 2023, Samuels-James filed a new Form I-485. (See id. at ¶ 14.) USCIS denied that application on September 13, 2024, on the ground that Samuels-James had already been granted adjustment of status via the June 2019 approval. (See id.)[2] On September 30, 2024, Samuels-James filed a motion to reopen or reconsider the denial of her Form I-485. (See id. at ¶ 15.)[3] USCIS denied that motion on January 27, 2025, on

---

[2] USCIS has since recognized that this denial was made in error. (See "Motion" or "Mot.", Dkt. No. 29 at 12.) In its Motion, USCIS explains that the denial of Samuels-James's application for naturalization, which found that USCIS lacked jurisdiction to approve the Form I-485 in June 2019, did not in fact revoke that approval. (See Mot. at 12.)

[3] Samuels-James describes this motion as an "appeal" rather than a motion to reopen or reconsider. (Am. Pet. ¶ 16.) However, USCIS regulations provide that "[n]o appeal lies from the denial of an application" for adjustment of status. 8 C.F.R. § 245.2(a)(5)(ii). Instead, as USCIS explained in its denial of Samuels-James's Form I-485, an applicant may file a motion to reopen or reconsider. (See "Am. Pet. Ex. B", Dkt. No.

the ground that Samuels-James had "failed to overcome the reasons stated" in the September 13, 2024, denial. (See id. at ¶ 16.)

Samuels-James commenced this action on March 28, 2025, by filing a petition challenging USCIS's denial of her motion to reopen or reconsider. (See Dkt. No. 1.) On May 1, 2025, USCIS issued a notice to Samuels-James stating that it had reopened or reconsidered its September 2024 denial of her Form I-485. (See "Gibe Decl.", Dkt. No. 28 at ¶ 4; "Gibe Decl. Ex. A", Dkt. No. 28-1.) That same day, USCIS issued a Notice of Intent to Deny ("NOID") Samuels-James's Form I-485. (See Gibe Decl. ¶ 5; "Gibe. Decl. Ex. B", Dkt. No. 28-1.) In the NOID, USCIS explained that the reasons given in its September 2024 denial had been incorrect. (See Gibe. Decl. Ex. B.) Nevertheless, USCIS explained that it intended to deny Samuels-James's Form I-485. (See id.) Per the NOID, USCIS regulations required that Samuels-James's Form I-485 be based on an approved visa petition not previously relied upon for adjustment of status. (See id.) However, the visa petition on which Samuels-James attempted to rely had previously been used in support of the Form I-485 erroneously approved in June 2019. (See id.) The USCIS explained that Samuels-James's

---

24-2 at 2.) Samuels-James's motion is therefore properly considered as a motion to reopen or reconsider.

4

current Form I-485 was therefore not eligible for approval. (See id.)

The NOID gave Samuels-James thirty days to respond. (See id.) On June 5, 2025, Samuels-James responded to the NOID, stating that she was withdrawing her Form I-485. (See Gibe Decl. ¶ 6; "Gibe Decl. Ex. C", Dkt. No. 28-1.) USCIS confirmed Samuels-James's withdrawal of her Form I-485 on July 25, 2025. (See Gibe Decl. ¶ 7; "Gibe Decl. Ex. D", Dkt. No. 28-1.)

Samuels-James filed her Amended Petition in this action on July 29, 2025. (See Dkt. No. 24.) In the Amended Petition, Samuels-James notes USCIS's decision to reopen her application and issue the NOID but does not mention her decision to withdraw her Form I-485. (See Am. Pet. ¶ 21.) Samuels-James challenges USCIS's January 27, 2025, denial of her motion to reopen or reconsider her Form I-485 as "arbitrary, capricious, not in accordance with law and violative of [her] due process rights." (Am. Pet. at 1-2.)

The Government filed its Motion to Dismiss the Amended Petition, along with a supporting declaration and memorandum of law, on September 11, 2025. (See Dkt. Nos. 27, 28, 29.) Samuels-James filed a memorandum of law in opposition on September 26, 2025. (See "Opposition" or "Opp'n", Dkt. No. 30.) On October 9, 2025, the Government filed its reply. (See Dkt. No. 31.)

## II.  **LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it." Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002) (internal quotation marks omitted). Plaintiffs carry the burden of establishing that subject matter jurisdiction exists over their complaint. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). On a motion to dismiss for lack of subject matter jurisdiction, a court assumes as true the factual allegations set forth in the complaint. See Shipping Financial Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). The court, however, may refer to evidence extrinsic to the pleadings. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Consideration of extrinsic evidence does not convert the motion to one for summary judgment pursuant to Rule 56. See United States v. Vazquez, 145 F.3d 74, 80 (2d Cir. 1998).

"Under Article III of the U.S. Constitution, 'when a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (quoting Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)) (alteration accepted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given

6

or is no longer needed." <u>Diaz v. Sessions</u>, No. 17-CV-4148, 2019 WL 952307, at *2 (S.D.N.Y. Feb. 27, 2019) (quoting <u>Martin-Trigona v. Shiff</u>, 702 F.2d 380, 386 (2d Cir. 1983)). "Stated simply, a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Powell v. McCormack</u>, 395 U.S. 486, 496-97 (1969).

## III. <u>DISCUSSION</u>

The Court will dismiss the Amended Petition for lack of subject matter jurisdiction because this matter is moot. In her Amended Petition, Samuels-James challenges USCIS's decision denying her motion to reopen or reconsider its denial of her June 2023 Form I-485 application for adjustment of status. That controversy has now been mooted in two ways.

First, USCIS's subsequent decision to reopen and reconsider Samuels-James's application *sua sponte* moots the controversy. USCIS has provided Samuels-James with the relief she alleges was unlawfully denied her previously. Accordingly, the "relief sought . . . is no longer needed." <u>Martin-Trigona v. Shiff</u>, 702 F.2d 380, 386 (2d Cir. 1983). That Samuels-James seeks a declaratory judgment does not change this analysis. "[I]f a plaintiff has made no challenge to some ongoing underlying policy, but merely attacks an isolated agency action, then the mooting of the specific claim

7

moots any claim for a declaratory judgment that the specific action was unlawful," unless an exception to mootness applies. City of Houston, Tex. v. Dep't of Hous. & Urb. Dev., 24 F.3d 1421, 1429 (D.C. Cir. 1994). Because USCIS reopened her Form I-485 request for further proceedings, the issues presented in her Amended Petition are no longer "live." See Diaz, 2019 WL 952307, at *2.

Second, Samuels-James's decision to withdraw the Form I-485 at the heart of her Amended Petition also renders the matter moot. Because USCIS can no longer reopen consideration of Samuels-James's withdrawn application — and Samuels-James does not challenge an underlying policy or practice beyond USCIS's treatment of her individual motion — it is "impossible for [the Court] to grant [Samuels-James] any effectual relief whatever." Knox v. Serv. Emps. Int'l Union, 567 U.S. 298, 307 (2012) (internal quotation marks omitted); see Alharbi v. Miller, 368 F. Supp. 3d 527, 549 (E.D.N.Y. 2019) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." (internal quotation marks omitted)).

Samuels-James argues that her Amended Petition should not be dismissed as moot because it falls within the

8

"voluntary cessation" exception to mootness. (See Opp'n at 5-8.) That argument is not persuasive.

The "voluntary cessation" exception to mootness provides that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). Accordingly, "[w]hen the alleged basis for mootness is the defendant's voluntary cessation, the case will be deemed moot only 'if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur' after the conclusion of litigation." Almakalani v. McAleenan, 527 F. Supp. 3d 205, 223 (E.D.N.Y. 2021) (quoting Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). As the Second Circuit has explained, "[a]n alleged wrongdoer's voluntary cessation of a disputed action will still render a case moot if the wrongdoer can show that (1) there is no 'reasonable expectation' the action will recur, and (2) 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" Srour v. New York City, 117 F.4th 72, 82 (2d Cir. 2024) (quoting Granite State Outdoor Advert., Inc. v. Town of Orange, 303 F.3d 450, 451 (2d Cir.

9

2002)). Both of the foregoing requirements are satisfied here.

As an initial matter, it is not clear that voluntary cessation doctrine applies in this matter. Even absent USCIS's decision to reopen and reconsider her application, this matter would be moot by virtue of Samuels-James's decision to withdraw her Form I-485. Regardless, the facts here satisfy the requirements to overcome the voluntary cessation exception. There is no "reasonable expectation" that USCIS's denial of Samuels-James's motion to reopen her application will recur. Srour, 117 F.4th at 82. First, the application has been withdrawn. (See Gibe Decl. ¶ 6; Gibe Decl. Ex. C.) Second, in the NOID issued upon the reopening of Samuels-James's application, USCIS acknowledged the error of its previous decision, provided an independent, reasoned basis for denying her application, and afforded her an opportunity to present evidence to the contrary or otherwise contest that determination. (See Gibe Decl. Ex. B.) Given USCIS's acknowledgment of its error, it is not reasonable to expect it will make the same error in responding to Samuels-James's newly filed Form I-485. See, e.g., Lamar Advert. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 377 (2d Cir. 2004) (finding that when defendant city amended a challenged regulations, mooting a plaintiff's claim, the voluntary

cessation exception did not apply, as there was "nothing [in the] record that would lead [the court] to believe that [defendant] intends to return to the questionable state of affairs that existed before [plaintiff] filed suit."). There is "at best, only a theoretical and speculative possibility" that USCIS will make the same error again. Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 87 (2d Cir. 2005). Additionally, USCIS's reconsideration of the application, explanation of the new grounds for denial, and provision of an opportunity to be heard "completely and irrevocably eradicated" the effects of its previous denial of Samuels-James's motion to reopen. Srour, 117 F.4th at 82. Invocation of voluntary cessation doctrine therefore cannot save Samuels-James's Amended Petition.

Finally, Samuels-James contends that her claim is not moot because she has incurred "expenses" in filing a new visa petition and attorney's fees in this action. (Opp'n at 8.) That argument is meritless. Money damages are not available under the APA. See 5 U.S.C. § 702. Further, "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990); see also Lamar Advert., 356 F.3d at 378 ("[A [plaintiff's] potential receipt of attorney's fees, were

it to be a 'prevailing party' . . . is in itself not enough to keep the controversy alive.").

In sum, the Court lacks jurisdiction to consider Samuels-James's Amended Petition because the actions of both USCIS and Samuels-James have rendered the matter moot. See Diaz, 2019 WL 952307, at *2 ("[O]nce a case becomes moot, the Court lacks jurisdiction over the action, and it cannot direct an agency to take specific action.").

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of respondent Zoraida Gomez (Dkt. No. 27) to dismiss petitioner Shornette Maria Samuels-James's Amended Petition (Dkt. No. 24) is **GRANTED.** The Amended Petition is hereby **DISMISSED.**

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 27 and to close this case.

**SO ORDERED.**

Dated:    9 February 2026
          New York, New York

                                        _____
                                             Victor Marrero
                                               U.S.D.J.

12